# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KEVIN LEE WARE			*
				*
	v.			*	Case No. PJM-08-2931
				*
MARYLAND PAROLE COMMISSION, et al.	*

******
# MEMORANDUM OPINION

On November 4, 2008, Petitioner Kevin Lee Ware, *pro se*, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking the revocation of his mandatory supervision release. ECF No. 1. On February 23, 2009, Respondents Maryland Parole Commission, the Attorney General of Maryland, and Bobby Shearin, Warden of the Western Correctional Institution, filed an Answer which addressed the procedural and substantive merits of Petitioner's application. ECF No. 6. On April 29, 2009, this Court granted Petitioner thirty days to file a reply addressing the procedural issues, including "why particular claims have not been defaulted or, if they have been, what 'cause' excuses the default and what prejudice would result if the claims are barred." ECF No. 8. The Court also invited Petitioner, if appropriate, "to explain why failure to consider the claims on the merits would result in the continued confinement of one who was actually innocent." ECF No. 8. Petitioner did not file any reply.

On September 2, 1993, Petitioner began serving a sentence of twenty-two years, eight months, and eighteen days for child abuse and multiple sexual offenses. Exh. 3.[1] On September 5, 2006, Petitioner was released on mandatory supervision. Exh. 8. The Parole Commission imposed all of the standard conditions, including "Rule 8," which prohibited Petitioner from posing a danger to himself or others. Exh. 8. The Parole Commission also imposed a series of

---

[1] The "Exhibit" numbers referenced correspond to the attachments to Exhibit A in Respondents' Answer [ECF No. 6].

"Special Conditions" on the basis of Petitioner's separate and consecutive convictions for sexual child abuse involving sodomy of young boys under age 13. Exh. 4, 8. Those special conditions included "Special Condition 8," prohibiting Petitioner from contact with any child under the age of eighteen, except for supervised contact with his own children. Exh. 8.

On December 13, 2006, the Parole Commission issued a retake warrant charging Petitioner with violating both Rule 8 and Special Condition 8 by residing in a house with his fifteen-year-old stepson. Exh. 9-11. On January 19, 2007, Petitioner appeared at a revocation hearing before a Parole Commissioner. Exh. 14. Petitioner represented himself at the hearing. *Id.* Following the hearing, the Commissioner determined that Petitioner had violated Rule 8, which prohibited him from posing a danger to himself or others. Exh. 15. The Commissioner did not make any findings as to whether Petitioner had violated Special Condition 8, prohibiting contact with a child under the age of eighteen. *Id.* The Commissioner revoked Ware's release and some of his diminution credits, resulting in reinstatement of a significant portion of his sentence. *Id.*

Petitioner appealed the Commissioner's decision to the Circuit Court for Baltimore City. Exh. 16-17. In that appeal, he raised three issues: (1) the Parole Commission violated Petitioner's constitutional right to choose to reside with his spouse and stepchild; (2) the Parole Commission did not give Petitioner a fair hearing because they did not provide a copy of a report prepared by Child Protective Services ("CPS"); and (3) Petitioner could have received a less harsh disposition. Exh. 21. On October 16, 2007, the Circuit Court conducted a hearing and affirmed the Parole Commission's revocation decision. Exh. 24-25. Petitioner did not seek any appellate review of the Circuit Court decision.

In the instant § 2254 petition, Petitioner raises the following arguments: (1) Special Condition 8 violates his substantive due process rights; (2) Special Condition 8 violates his procedural due process rights; (3) Special Condition 8 violates the *ex post facto* clause; (4) Rule 8 violates the *ex post facto* clause; and (5) the Parole Commission violated his Sixth Amendment right by failing to disclose the CPS report at his hearing. Several of those current claims have not been raised in any state forum, which bars this Court from granting relief under 28 U.S.C. § 2254(b)(1).[2] State court remedies must be exhausted before federal habeas relief can be granted.

Even for claims that were raised in the appeal of the Commissioner's decision to the Circuit Court, Petitioner failed to seek further relief in the Maryland appellate courts. The Circuit Court opinion was docketed on October 23, 2007, Exh. 16, and any appeal had to be filed on or before November 22, 2007. Md. Rule 8-202(a) (2011). Approximately four years after that deadline, state court review of Petitioner's claims is no longer available. As a result, his claims are procedurally defaulted due to his failure to avail himself of state appellate remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999) (holding that failure to raise claims in petition for discretionary review to the state supreme court, even where those claims were pressed before an intermediate appellate court, results in procedural default where the state supreme court remedy is time-barred). Because Petitioner does not maintain that his default may be excused by cause and prejudice or a miscarriage of justice, and as he did not respond to this Court's specific invitation to address those issues, his allegations of constitutional error are procedurally defaulted.

---

[2] Because Petitioner was *pro se* in both proceedings and the exact scope of his constitutional arguments is unclear from the record, it is difficult to determine whether or not particular claims were raised in the Circuit Court. This Court need not reach that issue, as discussed above, because Petitioner's claims are barred whether or not they were raised in that appeal. Claims that were not raised have not been properly exhausted, and claims that were raised are procedurally defaulted by Petitioner's failure to avail himself of the state appellate process.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

Dated: November 29, 2011
/s/
Peter J. Messitte
United States District Judge